

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY SAMPSON, | ) |
| Petitioner, | ) |
| vs. | ) No. CIV-10-114-W |
| JAMES RUDEK, | ) |
| Respondent. | ) |

## ORDER

On February 9, 2010, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and set forth his findings in support of his recommendations that the Application for Writ of Habeas Corpus (hereafter "Petition") filed pursuant to title 28, section 2241 of the United States Code by petitioner Rodney Sampson be dismissed in part as duplicative to the extent Sampson has challenged in the instant Petition the execution of his parole revocation sentence and dismissed in part without prejudice to the extent Sampson has challenged in his Petition the conditions of his confinement. Sampson was advised of his right to object to the Report and Recommendation, but he has filed no objections within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter. To the extent, if any, the claims in the instant Petition are duplicitous of the claims in the Application for Writ of Habeas Corpus filed by Sampson on December 7, 2009, Sampson v. Rudek, No. CIV-09-1341-W, and such claims should be dismissed with prejudice.

Sampson's claims in the instant Petition that seek damages based on (a) his complaints that he has been denied his constitutionally-protected right of access to the courts (Proposition I), (b) his arguments that the constant bright lighting in his cell has caused sleep deprivation and has detrimentally affected his mental abilities (Proposition II) and (c) his contentions that his intra-institutional transfers at Oklahoma State Reformatory ("OSR") have violated his constitutional right to due process (Proposition III) are more appropriately brought in an action seeking relief under title 28, section 1983 of the United States Code. Thus, to the extent Sampson's Petition is based upon the same, such claims are dismissed without prejudice to the filing of an action under section 1983.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 6] filed on February 9, 2010;

(2) DISMISSES Sampson's Petition file-stamped February 3, 2010, with prejudice to the extent, if any, Sampson has alleged therein that he is being illegally detained and has challenged the legality of his parole revocation sentence; and

(3) DISMISSES said Petition without prejudice to the extent Sampson has challenged the conditions of his confinement at OSR.

ENTERED this 26th day of March, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE